IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDITH BAILEY,

   *Plaintiff*

   v.

                         Civil No. ELH-21-1629

MARYLAND DEPARTMENT
OF HUMAN SERVICES,

   *Defendant.*

## MEMORANDUM

Judith Bailey, the self-represented plaintiff, filed suit on July 1, 2021, against the Maryland Department of Human Services ("DHS" or the "Department"), her former employer. ECF 1 (the "Complaint"). Plaintiff, who was terminated by DHS, alleges discrimination on the basis of race and sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *Id*. She also alleges a hostile work environment. *Id*. Bailey has submitted with her suit the Charge of Discrimination ("Charge") that she filed with the Equal Employment Opportunity Commission ("EEOC"), as well as the EEOC's Notice of Rights. ECF 1-2.

The Department has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5). ECF 6. The motion is accompanied by a memorandum of law (ECF 6-1, collectively the "Motion") and three exhibits: the summons mailed to defendant by Bailey; the envelope used by Bailey; and the proof of delivery submitted by Bailey. ECF 6-2. Bailey opposes the Motion. ECF 9 ("Opposition"). DHS has replied. ECF 11 ("Reply").

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I. Factual and Procedural Background

Soon after the suit was filed, the Court issued an Order explaining service of process, and directing the Clerk to take all necessary steps to issue summons and to provide the summons to plaintiff.  ECF 3.  On July 27, 2021, Bailey filed what purported to be proof of service, consisting of a United States Post Office proof of delivery, apparently for a summons sent by certified mail to defendant.  ECF 5.  But, the form does not indicate what was delivered and, as for the location of delivery, it states: "BALTIMORE, MD 21202."  *Id*.[1]

The Clerk issued a summons to Bailey on August 11, 2021.  ECF 7.  The same day, DHS filed its Motion.  ECF 6.  On August 25, 2021, Bailey filed an "Affidavit," asserting that she served defendant on August 19, 2021, by mailing the summons by certified mail, restricted delivery, to the Department's chief executive officer, Secretary Lourdes Padilla.  ECF 10.  Further, she states that she mailed the summons to 311 Saratoga Street in Baltimore.  *Id*.  Also on August 25, 2021, Bailey filed her Opposition.  ECF 9.  And, on September 8, 2021, DHS replied.  ECF 11.

Anthony Baylor, apparently a sheriff or deputy sheriff in Baltimore, filed a return on September 20, 2021.  ECF 12.  He stated that he was unable to serve the defendant because no personnel at the Department were authorized to sign for a summons.  *Id*. at 2.

The same day, Bailey submitted a new filing labelled "Evidence of Service."  ECF 13.  The document includes an email of September 17, 2021, from Bailey to the Maryland Office of the Attorney General, attempting to effect service.  *Id*.  In the email, Bailey stated: "The document attached to this email is the service for federal case ELH21CV1629 in U.S. District Court of Maryland. Ms. Mary Scanlon of the Civil Rights division of the OAG stated that the Attorney

---

[1] The recipient apparently wrote the address of "311 Saratoga." ECF 5. The Department is located at 311 W. Saratoga St. in Baltimore, MD, 21201.

General's office is accepting civil service through this email address, including from parties involved directly in the case." *Id.*  The document also includes a reply email of September 20, 2021, from Ryan R. Dietrich, Assistant Attorney General in the Civil Division, stating: "Service is accepted." *Id*.

The Office of the Attorney General has announced that, due to the COVID-19 pandemic, it will accept service of process on the State, State agencies, and State officers sued in their official capacity in civil litigation via, among other means, email to the email address to which Bailey sent her materials in ECF 13.  *See Alert: Announcement Regarding Service of Civil Complaints and Subpoenas*, MD. OFFICE OF THE ATTORNEY GEN. (Mar. 12, 2020), https://www.marylandattorneygeneral.gov/Pages/Service_during_pandemic.pdf.[2]        The announcement provides: "The serving party will be notified promptly whether the Attorney General will accept service on the defendant(s) or witness. Service shall be complete when an Assistant Attorney General in the Civil Division confirms by return email that the Attorney General has accepted service." *Id*.

## II. Discussion

In the Motion, DHS argues that process was insufficient, pursuant to Rule 12(b)(4), because the summons mailed to defendant did not contain the Clerk's signature or the Court's seal, as required by Rule 4(a)(1).  ECF 6-1 at 1.  Further, the Motion argues that service of process was insufficient, pursuant to Rule 12(b)(5), because it did not comply with the provisions of Fed. R. Civ. P. 4(j)(2), regarding service on a state or state-created government organization.  ECF 6-1 at 2-3.

---

[2] The Court may take judicial notice of this announcement. *See* Fed. R. Evid. 201.

In particular, Rule 4(j)(2)(A) permits service by delivering a copy of the summons and complaint to the organization's chief executive officer.  Here, the summons was not addressed to the chief executive officer.  *Id.* at 2.  And, Rule 4(j)(2)(B) permits service in a manner prescribed by state law, but the summons allegedly did not comply with Maryland law because it was not served on the Attorney General or a resident agent, and was not sent by restricted delivery.  *Id.* at 2-3.  Finally, the Motion's argument as to lack of personal jurisdiction, pursuant to Rule 12(b)(2), is premised entirely on insufficient service.  *Id.* at 3; *see, e.g.*, *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (failure to effect proper service of process deprives the court of personal jurisdiction over a defendant).

In her Opposition (ECF 9), Bailey urges the Court to deny the Motion, claiming she served defendant on August 19, 2021, in accordance with the Federal Rules and within the 90-day period specified in Rule 4(m).  *Id.*  Bailey also notes that defendant had responded to her Complaint, via the Motion, on August 11, 2021.  *Id.*  The Opposition includes one exhibit, the Affidavit (ECF 10). ECF 9-1.

In its Reply, the Department argues that, notwithstanding Bailey's second attempt at service, service was still insufficient under Rule 4.  ECF 11.  Defendant contends that "delivery" to the chief executive officer, as contemplated by Rule 4(j)(2)(A), must be in person and not by mail.  *Id.* ¶ 5.  And, defendant argues that Bailey has not complied with Maryland law, as contemplated by Rule 4(j)(2)(B), because the summons was not served on defendant's resident agent or the Attorney General.  *Id.* ¶ 6.  Furthermore, defendant asserts that service was deficient because Bailey, a party, effectuated service herself, in violation of Rule 4(c), and did not file the green return receipt card.  *Id.* ¶¶ 7, 8.

The Department's briefing predates the fact that plaintiff has complied with the COVID-19 format established by the State for service of process. *See* ECF 13. In view of plaintiff's filing on September 20, 2021, the Attorney General has plainly accepted service on behalf of DHS.

Accordingly, the defects asserted in the Motion have been cured. Furthermore, service occurred within the 90-day time frame specified in Rule 4(m).

Rule 4(l)(1) provides: "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Bailey's most recent attempt at demonstrating service, ECF 13, does not include a server's affidavit. But, Rule 4(l)(3) also provides: "Failure to prove service does not affect the validity of service."

In view of the pro se plaintiff's clear attempt to comply with the requirements for email service by the Office of the Attorney General, and that Office's acceptance of service, the Court sees no purpose in imposing technical barriers to the progress of this case. It is clear that defendant has actual notice of this suit. "[W]hen service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally." *Miller v. Baltimore City Bd. Of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011) (internal citation omitted).

### III. Conclusion

For the foregoing reasons, I shall deny the Motion. And, defendant shall answer or otherwise respond to the Complaint within 21 days of the date of docketing of this Memorandum and the accompanying Order.

An Order follows.

Date: December 6, 2021             _____/s/_____
                                Ellen Lipton Hollander
                                United States District Judge