IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDITH BAILEY,                     *

    *Plaintiff*,                     *

v.                                   *     Case No. 1-21-cv-01629

STATE OF MARYLAND,         *
DEPARTMENT OF HUMAN
SERVICES,                       *

    *Defendant.*                 *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## **MEMORANDUM OPINION**

Pending before the court are Plaintiff's Motion to Appeal August 9, 2022, Discovery Order (ECF No. 53; "Motion to Appeal") and Plaintiff's Motion to Stay August 9, 2022, Discovery Order by Magistrate Judge (ECF No. 52; "Motion to Stay") and any responses or replies thereto. No hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the following reasons, by separate order, Plaintiff's Motion to Appeal and Motion to Stay will be denied and the Magistrate Judge Gesner's August 9th Discovery Order will be affirmed.

## **BACKGROUND**

On June 1, 2022, Defendant the State of Maryland, Department of Human Services, filed a Motion to Compel Responses to Discovery and Provide Dates for Plaintiff's Deposition (ECF No. 28; "Motion to Compel"), seeking the court to compel Plaintiff to produce written discovery responses, produce documents, and provide available dates for deposition. Plaintiff opposed the Motion to Compel on the basis that she had responded as required to Defendant's discovery requests. (ECF No. 31.) Defendant replied that Plaintiff failed and refused to provide information or documents related to her financial condition and health. (ECF No. 33.)

On July 13, 2022, this matter was referred to Magistrate Judge Beth P. Gesner for the purpose of resolving the Motion to Compel.  On July 18, 2022, Judge Gesner issued an order denying the Motion to Compel (ECF No. 38) because the discovery dispute appeared to have been resolved.  Judge Gesner's order invited the parties to follow her informal discovery dispute procedure if there were any remaining disputes.

The parties engaged in Judge Gesner's informal discovery dispute procedure.  Plaintiff sought the full list of items she requested in discovery, "access to all of the requested records and materials, including her emails, emails from other DHS employees, work product, and system records." (ECF No. 43, p. 1.)  Defendant requested that Plaintiff "be instructed to provide the information and documents on her healthcare" to Defendant. (ECF No 4, p. 2.)

On August 5, 2022, Judge Gesner ordered Defendant to clarify what "information and documents" were being sought from Plaintiff before the discovery issues could be resolved. (ECF No. 46.)  Defendant responded by letter on August 5, 2022, specifying the healthcare information and documents it sought.  (ECF No. 47.)

On August 9, 2022, Judge Gesner granted in part Defendant's request for Plaintiff's healthcare records detailing the "names and addresses of every physician, dentist, health care provider, or hospital who has examined or treated Plaintiff for the past ten (10) years," but limited Defendant's request to one year prior to and two following, Plaintiff's employment with Defendant.  (ECF No. 48; "the August 9 Discovery Order.")  Noting Plaintiff's failure to articulate the basis for such extensive production, Judge Gesner denied Plaintiff's request for "all records and materials, including all emails, work product, and system records" as overly broad and burdensome on Defendant.

Plaintiff appeals the August 9 Discovery Order, and asks this court to stay the case, arguing that (1) She was denied due process because she did not have the opportunity to respond to Defendant's response to Judge Gesner's order to specify the information and documents sought; and (2) Judge Gesner erred in finding Defendant's request for information and documents related to her health were relevant to the case. (ECF No. 53.)

**STANDARD OF REVIEW**

Under Rule 72(a) of the Federal Rules of Civil Procedure, a "pretrial matter not dispositive of a party's claim or defense" may be referred to a magistrate judge for resolution. FED. R. CIV. P. 72. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a). When reviewing a magistrate judge's findings, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party opposes the magistrate judge's order, the district court shall "consider timely objections and modify or set aside any portion of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). "The clearly erroneous standard applies to factual findings, while legal conclusions will be rejected if they are contrary to law." *Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2018) (citations omitted).

"Under the 'contrary to law' standard, 'the critical inquiry is whether there is legal authority that supports the magistrate's conclusion.'" *Id*. An order is contrary to law if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Sandoval v. Starwest Servs., LLC*, 17-01053, 2018 WL 2426269, at *1 (E.D. Va. Feb. 16, 2018) (*DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). The clearly erroneous standard does not permit the reviewing court to ask whether the magistrate judge's ruling "is the best or only conclusion permissible based on the evidence" or to "substitute its own conclusions for that of the

magistrate judge." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010). Instead, a "finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). A magistrate judge's resolution of a discovery dispute is typically accorded substantial deference. *Stone*, 356 F. Supp. 3d at 511; *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 n.5 (E.D. Va. 2010) (collecting cases). "Indeed, the fact-specific character of most discovery disputes and the discretionary standard for resolution of discovery disputes under the Federal Rules suggest that magistrate judges ordinarily have ample discretionary latitude in disposition of those matters." *In re Outsidewall Tire Litig.*, 267 F.R.D. at 470.

## DISCUSSION

1. **Denial of Due Process**

Plaintiff contends that she was denied due process under the 14th Amendment of the United States Constitution because she did not have the opportunity to respond to Defendant's clarification (per Judge Gesner's instruction at ECF No. 46) of what information and documents it sought from Plaintiff. On this basis, Plaintiff asks the court to reverse Judge Gesner's August 9 Discovery Order requiring Plaintiff to produce her health records and to narrow her discovery requests.

"The Fourteenth Amendment prohibits the States from 'depriv[ing] any person of life, liberty, or property without due process of law.'" *Todman v. Mayor & City Council of Baltimore*, 2022 U.S. Dist. LEXIS 178861, at *25 (D. Md. Sept. 29, 2022) (quoting *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 145 (4th Cir. 2014)). "To establish a violation of

4

procedural due process, a plaintiff must satisfy three elements: (1) 'a constitutionally cognizable life, liberty, or property interest'; (2) a 'deprivation of that interest [] caused by some form of state action'; and (3) 'that the procedures employed were constitutionally inadequate.'" *Id.* (quoting *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013)).  The third factor requires "fair notice of impending state action and an opportunity to be heard." *Id.* (quoting *Snider Int'l Corp.*, 739 F.3d at 146).

Plaintiff has not identified any "life, liberty, or property interest" that she was deprived of as a result of Judge Gesner's August 9 Discovery Order. Instead, Plaintiff argues that she was deprived of due process because she was not allowed to respond to Defendant's clarification of its discovery demands (ECF No. 47.)

The August 5 Order (ECF No. 46) provides in pertinent part:

> As to the first issue, the court is unclear exactly what "information and documents" are sought by defendant.  Accordingly, defendant should specifically advise the court as to what "information and documents" it seeks to obtain from plaintiff.  Defendant should do so by filing a letter by no later than August 8, 2022. Once defendant files this letter, I will resolve both discovery issues in due course.

Defendant submitted its letter (ECF No. 47) in accordance with the August 5 Order. Defendant's letter did not raise any new arguments or issues not previously fleshed out in the parties' papers pertaining to the discovery dispute.  Judge Gesner gave consideration to all papers filed by the parties; the August 9 Order is well supported by reasoned analysis and legal authority.

2. Relevance

Plaintiff argues that Judge Gesner erred in finding Plaintiff's healthcare records relevant to Plaintiff's claims because there is no medical claim and her health is not "in controversy." (ECF No. 53.)

Rule 26 of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." FED. R. EVID. 401. "The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case. *Carr v. Diner*, 272 F.R.D. 431, 433 (D. Md. 2010). Additionally, "a trial court has 'wide latitude in controlling discovery.'" *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 323 (4th Cir. 2018). "That latitude extends to 'the manner in which [the court] orders the course and scope of discovery.'" *Id.* (quoting *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 982 (4th Cir. 1986)).

In determining that Defendant is entitled to discovery of Plaintiff's healthcare records, Judge Gesner relied on *Carr v. Diner*, *supra,* where this court granted a similar request from a defendant seeking medical records. The *Carr* court found that "Plaintiff's mental state is at issue for purposes of discovery because her emotional suffering is germane to the calculation of damages she requested in her complaint." 272 F.R.D. at *2.[1] Judge Gesner noted that Plaintiff

---

[1] While the plaintiff in *Carr* demanded redress of more severe alleged emotional distress than does Plaintiff, the Amended Complaint and Plaintiff's other submissions make clear that her alleged emotional distress is still at issue in this case despite amending the Complaint to remove "severe emotional distress" and "financial hardship" from her alleged injuries. For example, the Amended Complaint alleges that Defendant's discriminatory workplace "impacted [her] wellbeing and her ability to focus …." (ECF No. 30, p. 20.) Further, in Plaintiff's Position Regarding Discovery she states: "[t]o any reasonable person, these are clearly reasons for distress. The lack of medical care and records that pertain to these issues does not make them any less distressing or valid." (ECF No.

was employed by Defendant from January 2020 through July 2020 and, therefore, imposed appropriate temporal limitations on Defendant's request for Plaintiff's healthcare information. (ECF No. 48.)  The court finds that Judge Gesner's August 9 Order with respect to Plaintiff's medical records was based on sound analysis and clear legal support.

## CONCLUSION

Finding no abuse of discretion in Chief Magistrate Judge Gesner, and concluding that her August 9 Discovery Order was neither contrary to law nor clearly erroneous, the August 9, 2022, Discovery Order will be affirmed by separate order.

_____/s/_____
Julie R. Rubin
United States District Court Judge

---

43, p. 2.)  Additionally, Plaintiff states: "[t]o demonstrate this distress, the Plaintiff agreed to pride the Defendant with copies of tax returns from 2019-2021 and some of her unemployment insurance records." *Id.*  Plaintiff offers "[a]nother reason the Plaintiff's medical records are not relevant is because she is not alleging distress on medical grounds, but rather on events that include the way she was treated during her employment."  The court finds that Plaintiff does not contend that she did not suffer emotional distress, instead, Plaintiff argues that the cause of the distress was not medical, but rather a result of the discrimination she faced.  Defendant is entitled to discovery of Plaintiff's healthcare information both to establish the causation of the distress and to prepare defense.  *See Combe v. Cinemark USA, Inc.,* No. 1:08-cv-142 TS, 2009 WL 3584883, at *2 ("Generally, discovery requests seeking an employment discrimination plaintiff's medical and psychological records are held to be relevant as to both causation and the extent of plaintiffs alleged injuries and damages for emotional pain, suffering, and mental anguish.")